UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MARIO PODEIA,** *et al.*,<br><br>         Plaintiffs,<br><br>    v.<br><br>**CBSK FINANCIAL GROUP,** *et al.*,<br><br>         Defendants. | Civ. No. 2:12-cv-03855 (WJM)<br><br>**OPINION** |

<u>**WILLIAM J. MARTINI, U.S.D.J.**</u>:

     Plaintiffs Mario Podeia, Grace Podeia, Tania Podeia, and Michael Podeia bring this action against various financial institutions to challenge the foreclosure of their New Jersey home. This matter comes before the Court on a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) filed by three defendants: (1) Countrywide Home Loans, Inc., (2) BAC Home Loans Servicing, L.P., and (3) Impac Funding Corporation (collectively, "Defendants"). There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Defendants' motion to dismiss is **GRANTED**.

    **I.**    **BACKGROUND**

     On February 14, 2001, Plaintiffs Mario and Grace Podeia executed a 30-year mortgage for a property in Wallington, New Jersey. Compl. ¶ 9. On February 7, 2008, a foreclosure complaint was filed for the property in Bergen County Superior Court. *See Bankers Trust Company of California, N.A., et al. v. Mario Podeia*, No. F-5045-08, N.J. Super. Ct. Ch. Div. (filed Feb. 7, 2008). On May 5, 2008, after Plaintiffs failed to plead or otherwise defend the foreclosure action, a request to enter default was filed. Cert. of Donna Bates ("Bates Cert.") Ex. B, ECF No. 5-1. On November 10, 2008, the Honorable Maria Sypek entered a final judgment against Mario and Grace Podeia. Compl. ¶ 17; Bates Cert. Ex. C. The same day, a writ of execution was issued, directing the sale of the property. Bates Cert. Ex. D. On June 9, 2011, following a sheriff's sale of the property, Plaintiffs were evicted. Compl. ¶ 18.

     Plaintiffs filed the Complaint in this case on June 22, 2012, alleging that Defendants violated the Truth in Lending Act ("TILA"), the Real Estate Settlement Procedures Act ("RESPA"), and the Fair Debt Collection Practices Act ("FDCPA") in executing the mortgage and pursuing the foreclosure. Defendants now move to dismiss.

## II. DISCUSSION

Defendants argue that the Court lacks subject-matter jurisdiction over this action pursuant to the Rooker-Feldman doctrine. The Court agrees.

Pursuant to the Rooker-Feldman doctrine, "lower federal courts lack subject matter jurisdiction to engage in appellate review of state court determinations or to evaluate [federal] claims that are inextricably intertwined with the state court's [decision] in a judicial proceeding." *Marks v. Stinson*, 19 F.3d 873, 885 n. 11 (3d Cir. 1994); *see also Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). "A federal claim is inextricably intertwined with an issue adjudicated by a state court when . . . the federal court must take an action that would negate the state court's judgment." *In re Knapper*, 407 F.3d 573, 581 (3d Cir. 2005). Time and again, the Third Circuit has held that the Rooker-Feldman doctrine bars federal courts from providing relief that would invalidate a state court foreclosure decision. *See, e.g.*, *Moncrief v. Chase Manhattan Mortg. Corp.*, 275 F. App'x 149, 152 (3d Cir. 2008) (district court correctly relied on the Rooker-Feldman doctrine to dismiss plaintiff's claims for redress from a state court foreclosure decision); *Ayres-Fountain v. E. Sav. Bank*, 153 F. App'x 91, 92 (3d Cir. 2005) (district court lacked jurisdiction under the Rooker-Feldman doctrine to hear claims related to state foreclosure action).

In this case, adjudicating Plaintiff's claims would require this Court to engage in appellate review of the state court foreclosure action. Plaintiffs argue that the "issues raised for review in this Court are not issues that were reviewed by the State Court." Opp. Br. at 4, ECF No. 8. However, the federal claims raised in this action are inextricably intertwined with the issues adjudicated in state court. Plaintiffs are challenging the right of the lender to have foreclosed on the property, and are seeking to litigate the validity of the underlying mortgage. This is exactly what Rooker-Feldman is meant to prevent: an attempt to invalidate a final judgment of foreclosure in a separate federal court action. *See Ayres-Fountain*, 153 F. App'x at 92 (Rooker-Feldman doctrine deprived district court of jurisdiction to review federal claims that were "inextricably intertwined" with a state court foreclosure action); *El Ali v. Litton Loan Servicing, LP*, 217 F. App'x 115, 116 n.1 (3d Cir. 2007) (district court dismissed plaintiff's TILA and FDCPA claims under the Rooker-Feldman doctrine).

## III. CONCLUSION

For the reasons stated above, Defendants' motion to dismiss is **GRANTED**, and the Complaint is **DISMISSED WITH PREJUDICE**. An appropriate order follows.

/s/ William J. Martini<br>**WILLIAM J. MARTINI, U.S.D.J.**

**Date: February 19, 2013**